1

2

3

4

5

6

7

8

9                                    UNITED STATES DISTRICT COURT
                                    EASTERN DISTRICT OF CALIFORNIA
10

11   MITCHELL DIXON, JR.,                      CASE NO. 1:17-cv-00316-MJS(PC)

12              Plaintiff,                      **ORDER STRIKING ECF NO. 1 AS
                                               UNSIGNED**
13        v.
                                               **ORDER DIRECTING CLERK TO FILE
14   A. ALVAREZ, et al.,                        COMPLAINT LODGED AT ECF NO. 8 AS
                                               FIRST AMENDED COMPLAINT**
15              Defendants.
                                               **ORDER DISMISSING FIRST AMENDED
16                                             COMPLAINT WITH LEAVE TO AMEND**

17                                              **(ECF Nos. 1 & 8)**

18                                             **THIRTY (30) DAY DEADLINE**

19

20

21

22        Plaintiff Mitchell Dixon, Jr., is a county jail inmate proceeding *pro se* and in *forma*

23   *pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has

24   consented to Magistrate Judge jurisdiction.  (ECF No. 5.) No other parties have appeared

25   in this action.

26        Plaintiff filed his civil rights complaint on March 6, 2017. (ECF No. 1.) The

27   complaint was not signed. On March 27, 2017, Plaintiff lodged a second complaint form.

28   (ECF No. 8.) This form was signed. Thereafter, Plaintiff filed numerous documents,

including another partial (and unsigned) complaint form with receipts attached (ECF No. 9), an inmate grievance form with a money order receipt attached (ECF No. 10), and a collection of inmate grievances and health services request forms (ECF No. 11), as well as several documents that cannot be classified and therefore have not been filed. The respective relevance or purpose of these documents is not clear and will not be addressed herein.

## I.     Unsigned Complaint

The Court cannot consider unsigned filings and therefore, the complaint filed as ECF No. 1 shall be stricken from the record. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.")

Plaintiff may file an amended complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). The Court will therefore direct the Clerk of Court to file ECF No. 8 as Plaintiff's "First Amended Complaint" and proceed to screening that complaint.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners and detainees seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

2

Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

Furthermore, § 1983 has a linkage requirement, that is, in order to state a claim against an official in his personal capacity, a plaintiff must demonstrate that each named defendant *personally* participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable

if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Where a plaintiff alleges a defendant failed to intervene to stop the abuses of subordinate staff, he must allege that the supervisor defendant failed to intervene after being placed on notice of ongoing constitutional violations by subordinate staff. Starr, 652 F.3d at 1205-08.

**IV.    Plaintiff's Pleading**

Plaintiff is currently incarcerated at the Fresno County Jail. He sues Sergeant A. Alvarez, Corporal B. Williams, and Officers M. Warner, S. Sanders, S. Pope, and L. Galindo, and Reserve Officers K. Hernandez and C. Tarpley, all ostensibly members of the Fresno County Police Department.

Plaintiff brief factual allegations are utterly incomprehensible. Attached to Plaintiff's complaint are pages of jail policies and procedures, with no context whatsoever, and a similarly incomprehensible handwritten letter by Plaintiff addressed to the Fresno County Probation Department. The Court is unable even to summarize Plaintiff's allegations, discern any conceivable substance in any of them, or anticipate what relief Plaintiff seeks.

**V.    Analysis**

As pled, Plaintiff's filings identify no alleged unconstitutional acts or omissions by any Defendant. He simply strings together disjointed thoughts and statements having  no identifiable relation to one another or to any Defendant.

4

Plaintiff's complaint will therefore be dismissed for violating Federal Rule of Civil Procedure 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing the pleader is entitled to relief [and] a demand for the relief sought.") Plaintiff will be given an opportunity to amend.  Should he choose to amend, he must, at the very least, set out what it is he feels each Defendant did or failed to do that violated his constitutional rights and caused him some harm; he must provide enough coherent information to enable the Court to evaluate whether he may have a cognizable claim or claims .

## VI.    Conclusion

Plaintiff's complaint will be dismissed for violating Rule 8(a). The Court will provide Plaintiff with an opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff chooses to amend, he should set forth the specific facts that cause him to believe a particular defendant or defendants violated his constitutional rights, and specify which rights he believes were violated.

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.  ECF No. 1 is STRICKEN for lack of signature;

2.  The Clerk's Office shall file ECF No. 8 as the "First Amended Complaint";

3.  Plaintiff's first amended complaint (ECF No. 8) is DISMISSED with leave to amend;

4.  The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed March 27, 2017;

5.  Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in

this order or file a notice of voluntary dismissal; and

6. If Plaintiff fails to comply with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   April 14, 2017                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE