UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL DIXON, JR., | CASE NO. 1:17-cv-00316-MJS(PC) |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM** |
| A. ALVAREZ, et al., | **(ECF No. 15)** |
| Defendants. | **CLERK TO CLOSE CASE AND TERMINATE ALL PENDING DEADLINES** |

Plaintiff Mitchell Dixon, Jr., is a county jail inmate proceeding *pro se* and in *forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared in this action.

On April 17, 2017, the Court dismissed Plaintiff's first amended complaint for failure to state a claim. (ECF No. 13.) The Court noted that Plaintiff's factual allegations were essentially incomprehensible, but granted Plaintiff leave to file an amended complaint. Plaintiff's second amended complaint is now before the Court. (ECF No. 15.)

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners and detainees seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

Furthermore, § 1983 has a linkage requirement, that is, in order to state a claim against an official in his personal capacity, a plaintiff must demonstrate that each named defendant *personally* participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Where a plaintiff alleges a defendant failed to intervene to stop the abuses of subordinate staff, he must allege that the supervisor defendant failed to intervene after being placed on notice of ongoing constitutional violations by subordinate staff. Starr, 652 F.3d at 1205-08.

### III. Plaintiff's Allegations

Plaintiff is currently incarcerated at the Fresno County Jail. He sues Sergeant A. Alvarez, Corporal B. Williams, and Officers M. Warner, S. Sanders, S. Pope, and L. Galindo, and Reserve Officers K. Hernandez and C. Tarpley.

Plaintiff appears to complain about events surrounding his arrest for an undisclosed offense. Plaintiff does not specify what constitutional violations were committed by whom.

### IV. Analysis

As pled, Plaintiff's complaint claims no unconstitutional acts or omissions by any Defendant. Plaintiff's case will therefore be dismissed for non-compliance with Federal Rule of Civil Procedure 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing the pleader is entitled to relief [and] a demand for the relief sought.") The case will be dismissed without prejudice in the hopes Plaintiff may obtain assistance in drafting a coherent pleading after his expected July 2017 release from custody. Plaintiff of course must ensure that all applicable time limits and statutes of limitation are complied with.

### V. Conclusion

Accordingly, it is HEREBY ORDERED that:

1. This case is DISMISSED, without prejudice, for failure to state a claim; and
2. The Clerk of Court is directed to TERMINATE any and all pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated: May 15, 2017               /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE